FILED
MAY 20 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of<br><br>Certain Stainless Steel Products, Certain Processes for Manufacturing or Relating to Same and Certain Products Containing Same | 15-mc-00594-KBJ |

**REQUEST FOR JUDICIAL ASSISTANCE AND APPOINTMENT OF COMMISSIONER PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

To the Venice Court of Appeals:

In conformity with the Hague Convention on the Taking of Evidence in Civil or Commercial Matters (hereinafter "Hague Convention"), the United States District Court for the District of Columbia has the honor of requesting assistance in obtaining relevant and admissible evidence to be used in a civil trade secret misappropriation proceeding now pending before this court in the above-captioned matter. The relevant details for this request are set forth below:

| | | |
|---|---|---|
| 1. | Sender: | Clerk of the Court<br>The United States District Court<br>for the District of Columbia<br>333 Constitution Avenue, NW<br>Washington, DC 20001, U.S.A. |
| 2. | Designated Authority of the Requested State: | President of the Venice Court of Appeals<br>Antonino Mazzeo Rinaldi<br>Sede di Palazzo Corner Contarini dai Cavalli<br>San Marco 3978<br>30124 Venezia (VE)<br>Italy |

| | | |
|---|---|---|
| 3. | Person to Whom the Executed Request is to be Returned | Gregory J. Spak<br>WHITE & CASE LLP<br>701 13th Street, NW<br>Washington, D.C. 20005<br>Tel.: (202) 626-3600<br>Fax: (202) 639-9355 |
| 4. | Specification of Date by which the Requesting Authority Requires Receipt of the Response to the Letter of Request | A response is requested by January 31, 2015, or as soon as practicable before that date, in order to ensure the evidence may be obtained before the period for fact discovery concludes on that date and is available for use at trial on July 13, 2015. Expedient treatment of this request will allow the parties and the witnesses to arrange a mutually agreeable date for testimony and avoid disruption to the witnesses' business or personal plans. |

In conformity with of the Hague Convention, the undersigned applicant has the honor to submit the following request:

| | | |
|---|---|---|
| 5. | a. Requesting Judicial Authority | The Honorable Ketanji B Jackson<br>United States Judge<br>The United States District Court<br>for the District of Columbia<br>333 Constitution Avenue, NW<br>Washington, DC 20001, U.S.A. |
| | b. To the Competent Authority of: | Italy |
| | c. Name of the Case and any Identifying Number | Certain Stainless Steel Products, Certain Processes for Manufacturing or Relating to Same and Certain Products Containing Same, Inv. No. 337-TA-933 |
| 6. | Names and Addresses of the Parties and Their | |

Representatives:

a. Complainants:

Valbruna Slater Stainless, Inc.
2400 Taylor Street
Fort Wayne, IN 46802
(260) 434-2800 (phone)

Valbruna Stainless Inc.
2400 Taylor Street
Fort Wayne, IN 46802
(260) 434-2800 (phone)

Acciaierie Valbruna S.p.A.
Viale della Scienza 25
Vicenza 36100 ITALY
(011) 39 0444 96 82 11 (phone)

Representatives:

Gregory J. Spak
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
Tel. (202) 626-3600
Email: gspak@whitecase.com

Frank Morgan
Trade Law Defense PLLC
218 North Lee Street, 3rd Fl
Alexandria, VA 22314
Tel. (703) 493-0188
fmorgan@tradelawdefense.com

b. Respondents

Viraj Profiles Limited
10, Imperial Chambers, 1st Floor
Wilson Road, Ballard Estate
Mumbai 400038, India

Viraj – U.S.A., Inc.
100 Quentin Roosevelt Boulevard, Suite 505 Garden City, NY 11530

Flanschenwerk Bebitz GmbH
Lebendorfer Straße 1
Könnern 06420, Germany

Bebitz Flanges Works Pvt. Ltd.
140/2 Saravalli Village, Palghar Road
Boisar Dist Thane
Maharashtra, India
Bebitz U.S.A.
100 Quentin Roosevelt Boulevard, Suite 505 Garden City, NY 11530

Ta Chen Stainless Pipe Co., Ltd.
No. 122, Yi-Lin Road, Rende Township, Tainan 71752, Taiwan

Ta Chen International, Inc.
5855 Obispo Avenue
Long Beach, CA 90805

Representatives:
Jeremy Dutra
Squire Patton Boggs (US) LLP
1200 19th Street, N.W., Suite 300
Washington, D.C. 20036
jeremy.dutra@squirepb.com

James B. Altman
Foster, Murphy, Altman & Nickel PC
1899 L Street, Suite 1150
Washington, D.C. 20036
fm-viraj-933@fostermurphy.com

c. U.S. International Trade Commission Investigation Staff:

Reginald Lucas
Office of Unfair Import Investigations
U.S. International Trade Commission
500 E Street, SW
Washington, D.C. 20436
Reginald.Lucas@usitc.gov

7. Nature of the Proceedings and Summary of the Facts

The nature of the proceeding for which the evidence is requested is a civil trade secret misappropriation action

that was instituted by the United States International Trade Commission ("Commission") on October 10, 2014 based upon a verified complaint filed by Complainants. The complaint alleges that Respondents import, sell for importation and/or sell within the United States after importation certain stainless steel products, certain processes for manufacturing or relating to same, and certain products containing same in violation of Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337). As a remedy, Complainants seek an injunction barring importation of the accused stainless steel.

The Tariff Act of 1930 prohibits, among other things, importing goods into the United States based on unfair acts, including misappropriation of trade secrets. Pursuant to Complainants' complaint, the Commission instituted Investigation No. 337-TA-933, which was assigned to Administrative Law Judge Theodore R. Essex to preside over pretrial matters, conduct a trial and issue an initial determination on the merits of the Investigation. The initial determination of Judge Essex is subject to possible review by the Commission, with a right of appeal to the U.S. Court of Appeals for the Federal Circuit and further appeal to the Supreme Court of the United States. Valbruna has made several claims, including misappropriation and use of its trade secrets by Respondents. This Request for Judicial Assistance is intended to obtain information particularly relevant to those claims.

Giancarlo Zausa is a former Valbruna employee who testified before the Italian authorities about his and Respondents' involvement in the misappropriation and use of Valbruna's trade secrets. For this reason, Mr. Zausa is likely to have personal knowledge of the facts surrounding the misappropriation and use of Valbruna's trade secrets and Respondents' involvement in the same. This information is necessary in the interest of justice for Valbruna to prosecute its case.

To develop these facts further, Valbruna seeks testimony and documents from Mr. Zausa in connection with the misappropriation and use of trade secrets by Respondents as set forth in the attached requests. Any materially relevant evidence uncovered as a result of this Request

| | | |
|---|---|---|
| | | for Assistance will be adduced at trial, if admissible. |
| 8. | Appointment of Commissioner | Subject to the approval of the Court of Appeals, Venice and subject to any limitations imposed by that court, this Court appoints Stefan M. Mentzer, an attorney at White & Case LLP as the Commissioner authorized to conduct all necessary acts to obtain the evidence through the procedures described below. In the event the Court of Appeals, Venice appoints a Commissioner other than – Stefan M. Mentzer, this Court requests that the Commissioner be tasked with obtaining the evidence in the manner described below and allow cross-examination by the counsel for Plaintiffs in this action. |
| 9. | Evidence to be Obtained and Purpose | This Court requests the Court of Appeals, Venice to authorize the Commissioner to take Mr. Zausa's deposition on oral examination concerning the topics set forth in Addendum A. Should the Court of Appeals, Venice, appoint a Commissioner other than an attorney at White & Case LLP, this Court requests that the appointed Commissioner ask the questions set forth in Addendum C which encompasses the subject matter of Addendum A and that counsel for Plaintiffs be allowed to cross-examine the witness.<br><br>This Court also requests the Court of Appeals, Venice to authorize the Commissioner to serve upon Mr. Zausa, through his attorney and using processes compatible with Italian law, a notification of the deposition by oral examination that would be taken at a mutually agreeable time and place. This Court requests that Mr. Zausa be provided with Addendum A and B and be asked to produce documents requested in Addendum B at least two business days prior to the scheduled deposition. |
| 10. | Identity and Address of Persons to be Examined | Giancarlo Zausa<br>Home Address: Via Monte Cengio 2<br>Monticello Conte Otto (VI)<br>Italy<br><br>Business Address: c/o Emanuele Squassoni<br>Studio Legale Squassoni |

| | | |
|---|---|---|
| | | 20122 Milano – Via Fontana, 18<br>Italy |
| 11. | Documents or Other Property to Be Inspected | This Court also requests the Court of Appeals, Venice to authorize the Commissioner to collect from Mr. Zausa documents responsive to the requests for production set forth in Addendum B, to the extent that they are in the possession, control or power of Mr. Zausa and are not privileged under the applicable laws of Italy or the United States, and to transmit the documents to counsel for all parties in this action. |
| 12. | Any Requirement that the Evidence Be Given on Oath or Affirmation and Any Specific Form to Be Used | It is respectfully requested that Commissioner be granted the permission to direct that the witness to be duly sworn in accordance with the applicable procedures of Italy, and that the testimony be taken and transcribed by a qualified court reporter and videographer provided by Plaintiffs. It is further requested that the transcription of the deposition be in the English language if allowable under the local law. |
| 13. | Special Methods or Procedures | To the extent permitted by the applicable laws of Italy, this Court respectfully requests that the Venice Court of Appeals require that the following methods and procedures be followed in connection with the deposition requested herein:<br><br>It is requested that: (i) the examination be conducted by a Commissioner; in the event the Commissioner is not an attorney of White & Case LLP, counsel for Plaintiffs be then allowed to cross-examine the witness (ii) designee of the parties' representatives, interpreters, and a stenographer be permitted to be present during the examination; (iii) all persons other than the Commissioner or judicial officer conducting the examination, the attorneys for the parties, the parties' designated representatives, the stenographers, interpreters, and other officials of the Italian court normally present during such proceedings be excluded from the examination if such exclusion is permitted under Italian law; (iv) a stenographer be permitted to record the examination verbatim; (v) a videographer be |

| | | |
|---|---|---|
| | | permitted to record the examination by audiovisual means; vi) seven (7) hours be allotted for the examination of the witness; vii) the Commissioner conducting the examination be permitted to ask questions regarding the topics listed in Addendum A and ix) the documentary evidence be produced or provided for inspection and copying at least two (2) days before the examination |
| 14. | Request for Notification upon Execution of the Request: | Please notify the Representatives listed above in item 6 (at the addresses listed therein) as to when and where the examinations are to be conducted. |
| 15. | Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request | None. |
| 16. | Specification or Privilege or a Duty to Refuse to Give Evidence under the Law of the State of Origin | In addition to the privileges applicable under Italian laws, under the laws of the United States Mr. Zausa may refuse to answer any question if such answer would subject them to a real and appreciable danger of criminal liability in the United States. Likewise, Mr. Zausa may refuse to answer a question or produce a document if such answer or document would disclose a confidential communication between him/her and his/her attorney(s) in connection with seeking legal advice.<br><br>The Court also understands the confidential nature of the documents requested from Mr. Zausa and there is a protective order in this case to protect the confidentiality of any documents Mr. Zausa produces. The protective order is Addendum D to this Request for Judicial Assistance.<br><br>This Court stands ready to extend similar assistance to the judicial tribunals of Italy. To the extent that there are expenses associated with providing assistance in response to this Request for Assistance and Appointment of Commissioner, this Court will |

| | | |
|---|---|---|
| | | see that the appropriate judicial authority of Italy is reimbursed by Valbruna. |
| 17. | The Fees and Costs Incurred, Which Are Reimbursable under the Second Paragraph of Article 14 or under Article 26 of the Convention, Will Be Borne by: | Valbruna c/o their representatives and counsel, as identified above for fees and costs and any reasonable costs incurred by Mr. Zausa in providing evidence, as directed by the appropriate judicial authority in Venice. Each party in this litigation will be responsible for fees and expenses, if any, of its own attorneys relating to the Hague Convention Proceedings. |

This signed Order and the signed Request for Judicial Assistance and Appointment of a Commissioner shall be given to White & Case LLP, counsel for Valbruna, which is hereby directed to request the Commissioner to file all documents, including Exhibits, along with certified Italian translations, with the appropriate authority at the Court of Appeals, Venice for necessary action.

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

(Affix Seal Here)

[signature]
United States District Judge
United States District Court,
District of Columbia
333 Constitution Ave., NW
Washington, DC 20001, USA

Dated: May 19, 2015

**TRIBUNALE DISTRETTUALE DEGLI STATI UNITI PER IL DISTRETTO DI COLUMBIA**

| | |
|---|---|
| Riguardo a<br><br>taluni prodotti di acciaio inossidabile, taluni processi per la fabbricazione o processi a esso correlati e taluni prodotti contenenti lo stesso | Indagine n. 337-TA-933 |

**RICHIESTA PER L'ASSISTENZA GIUDIZIARIA E DI NOMINA DI UN COMMISSARIO AI SENSI DELLA CONVENZIONE DELL'AJA SULL'ASSUNZIONE DELLE PROVE ALL'ESTERO IN MATERIA CIVILE O COMMERCIALE**

Alla Corte d'Appello di Venezia:

in conformità alla Convenzione dell'Aja sull'assunzione di prove in materia civile o commerciale (qui di seguito indicata "Convenzione dell'Aja"), il Tribunale distrettuale per il Distretto di Columbia ha l'onore di richiedere assistenza per l'ottenimento di pertinenti e ammissibili prove da usare in un procedimento sull'appropriazione indebita del segreto commerciale civile, attualmente pendente dinanzi a questo tribunale in relazione alla materia sopra indicata. I dettagli pertinenti a questa richiesta sono esposti qui di seguito:

| | | |
|---|---|---|
| 1. | Mittente: | Cancelliere del Tribunale<br>Il Tribunale distrettuale degli Stati Uniti<br>per il Distretto di Columbia<br>333 Constitution Avenue, NW<br>Washington, DC 20001, U.S.A. |
| 2. | Autorità Centrale dello Stato richiesto: | Presidente della Corte di Appello di Venezia<br>Antonino Mazzeo Rinaldi<br>Sede di Palazzo Corner Contarini dai Cavalli<br>San Marco 3978<br>30124 Venezia (VE)<br>Italy |

| | | |
|---|---|---|
| 3. | Persona alla quale la richiesta eseguita deve essere restituita | Gregory J. Spak<br>WHITE & CASE LLP<br>701 13th Street, NW<br>Washington DC 20005, U.S.A.<br>Tel.: 1 (202) 626-3600<br>Fax: 1 (202) 639-9355 |
| 4. | Specificazione della data entro la quale l'Autorità richiedente richiede ricezione della risposta alla Lettera di Richiesta | Si attende risposta entro il 31 gennaio 2015, o non appena sia possibile prima di quella data, in modo da assicurare che le prove siano ottenute prima che la fact discovery (ricerca di prove) si concluda e che siano disponibili per l'uso durante il processo, in data 13 luglio 2015. L'opportuno trattamento della presente richiesta consentirà alle parti e ai testimoni di stabilire una data di comune accordo per la deposizione ed evitare qualsiasi interferenza con gli impegni professionali o personali dei testimoni. |

Conformemente a quanto disposto dalla Convenzione dell'Aja, il sottoscritto richiedente ha l'onore di inoltrare la seguente richiesta:

| | | |
|---|---|---|
| 5. | a. Autorità Giudiziaria richiedente | L'Onorevole ______________<br>Giudice degli Stati Uniti<br>Il Tribunale distrettuale degli Stati Uniti per il Distretto di Columbia<br>333 Constitution Avenue, NW<br>Washington, DC 20001, U.S.A. |
| | b. All'Autorità competente di: | Italia |
| | c. Denominazione del caso e del numero identificativo | Taluni prodotti di acciaio inossidabile, taluni processi per la fabbricazione o processi a esso correlati e taluni prodotti contenenti lo stesso, Ind. N. 337-TA-933 |
| 6. | Nominativi e indirizzi delle Parti in causa e dei loro | |

Rappresentanti:

a. Attori:

Valbruna Slater Stainless, Inc.
2400 Taylor Street
Fort Wayne, IN 46802
1 (260) 434-2800 (telefono)

Valbruna Stainless Inc.
2400 Taylor Street
Fort Wayne, IN 46802
1 (260) 434-2800 (telefono)

Acciaierie Valbruna S.p.A.
Viale della Scienza 25
Vicenza 36100 ITALIA
(011) 39 0444 96 82 11 (telefono)

Rappresentanti:

Gregory J. Spak
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
Tel. 1 (202) 626-3600
E-mail: gspak@whitecase.com

Frank Morgan
Trade Law Defense PLLC
218 North Lee Street, 3rd Fl
Alexandria, VA 22314
Tel. 1 (703) 493-0188
fmorgan@tradelawdefense.com

b. Convenuti

Viraj Profiles Limited
10, Imperial Chambers, 1st Floor
Wilson Road, Ballard Estate
Mumbai 400038, India

Viraj – U.S.A., Inc.
100 Quentin Roosevelt Boulevard, Suite 505 Garden City, NY 11530

Flanschenwerk Bebitz GmbH
Lebendorfer Straße 1
Könnern 06420, Germany

Bebitz Flanges Works Pvt. Ltd.
140/2 Saravalli Village, Palghar Road
Boisar Dist Thane
Maharashtra, India
Bebitz U.S.A.
100 Quentin Roosevelt Boulevard, Suite 505 Garden City, NY 11530

Ta Chen Stainless Pipe Co., Ltd.
No. 122, Yi-Lin Road, Rende Township, Tainan 71752, Taiwan

Ta Chen International, Inc.
5855 Obispo Avenue
Long Beach, CA 90805

Rappresentanti:
Jeremy Dutra
Squire Patton Boggs (US) LLP
1200 19th Street, N.W., Suite 300
Washington, D.C. 20036
jeremy.dutra@squirepb.com

James B. Altman
Foster, Murphy, Altman & Nickel PC
1899 L Street, Suite 1150
Washington, D.C. 20036
fm-viraj-933@fostermurphy.com

c. Personale incaricato delle indagini della Commissione statunitense per il commercio internazionale:

Reginald Lucas
Ufficio delle indagini sulle importazioni sleali
Commissione statunitense per il commercio internazionale
500 E Street, SW
Washington, D.C. 20436
Reginald.Lucas@usitc.gov

7. Natura dei procedimenti e riepilogo dei fatti

La natura del procedimento per il quale sono richieste le prove è un'azione di appropriazione indebita di un segreto commerciale civile istruita dalla Commissione statunitense per il commercio internazionale ("Commissione") in data 10 ottobre 2014, basata su una verificata denuncia presentata dagli Attori. La denuncia sostiene che i Convenuti importano,

vendono per importazione e/o vendono all'interno degli Stati Uniti dopo l'importazione, taluni prodotti di acciaio inossidabile, taluni processi per la fabbricazione o processi a esso correlati e taluni prodotti contenenti lo stesso, in violazione della Sezione 337 della Legge tariffaria del 1930 e successive modifiche (Titolo 19 del Codice degli Stati Uniti (United States Code, U.S.C.) § 1337). Come misura correttiva, gli Attori richiedono un'ingiunzione che interdica le importazioni dei prodotti di acciaio inossidabile in questione.

La Legge tariffaria del 1930 vieta, tra le altre cose, l'importazione di merci negli Stati Uniti sulla base di azioni sleali, tra le quali l'appropriazione indebita di segreti commerciali. Conformemente al ricorso degli Attori, la Commissione ha istruito l'Indagine N. 337-TA-933, assegnata al Giudice Amministrativo Thedore R. Essex che presiede alla fase istruttoria, conduce il processo ed emette una delibera iniziale sulla fondatezza dell'Indagine. La delibera iniziale del Giudice Essex è soggetta a possibile esame da parte della Commissione, con diritto d'appello presso la Corte d'Appello per il Circuito Federale e successivo appello presso la Corte Suprema degli Stati Uniti. Valbruna ha presentato diverse denunce, tra cui l'appropriazione indebita e l'utilizzo dei segreti commerciali da parte dei Convenuti. La presente Richiesta per l'Assistenza Giudiziaria è intesa a ottenere informazioni di particolare interesse per tali denunce.

Giancarlo Zausa è un ex dipendente di Valbruna che ha testimoniato dinanzi alle autorità italiane in merito al suo coinvolgimento e a quello dei Convenuti nella questione dell'appropriazione indebita e dell'utilizzo dei segreti commerciali di Valbruna. Per tale ragione, è probabile che il Sig. Zausa abbia una conoscenza personale dei fatti riguardanti l'appropriazione indebita e l'utilizzo dei segreti commerciali di Valbruna, nonché il coinvolgimento dei Convenuti nella questione stessa. Alla luce degli interessi della giustizia, tali informazioni sono necessarie a Valbruna per perseguire la sua causa.

Per sviluppare ulteriormente questi fatti, Valbruna richiede al Sig. Zausa una deposizione e la documentazione in relazione all'appropriazione indebita e all'utilizzo dei segreti commerciali da parte dei Convenuti come esposto nelle richieste in allegato. Qualsiasi prova materialmente pertinente, rivelata in seguito alla presente Richiesta sarà addotta in sede processuale, se ammissibile.

| | | |
|---|---|---|
| 8. | Nomina di un Commissario | Subordinatamente all'approvazione della Corte d'Appello di Venezia e subordinatamente a qualsiasi limitazione imposta da detta Corte, il presente Tribunale nomina Stefan M. Mentzer, un legale presso White & Case LLP in qualità di Commissario autorizzato a condurre tutte le azioni necessarie al fine di ottenere le prove attraverso le procedure di seguito descritte. Nell'eventualità in cui la Corte d'Appello di Venezia nomini un Commissario diverso da Stefan M. Mentzer, il presente Tribunale chiede che il Commissario sia incaricato dell'ottenimento delle prove secondo la modalità descritta di seguito e permetta il controinterrogatorio da parte del legale degli Attori nel presente procedimento. |
| 9. | Prove da ottenere e Finalità | Il presente Tribunale chiede che la Corte d'Appello di Venezia autorizzi il Commissario a prendere la deposizione del Sig. Zausa durante un interrogatorio verbale relativo agli argomenti descritti nell'Appendice A. Nell'eventualità in cui la Corte d'Appello di Venezia nomini un Commissario che non sia un legale dello studio White & Case LLP, il presente Tribunale richiede che il Commissario incaricato ponga le domande inserite nell'Appendice C che riguardano gli argomenti dell'Appendice A e che il legale degli Attori sia autorizzato a controinterrogare il testimone.<br><br>Il presente Tribunale richiede altresì che la Corte d'Appello di Venezia autorizzi il Commissario a notificare il Sig. Zausa, attraverso il proprio legale e utilizzando procedimenti compatibili con la legge italiana, la deposizione a mezzo di interrogatorio verbale che sarà effettuata in orario e luogo stabiliti di mutuo accordo. Il presente Tribunale richiede che al Sig. Zausa vengano fornite le Appendici A e B e che gli venga richiesto di produrre i documenti richiesti nell'Appendice B almeno due giorni lavorativi prima della deposizione programmata. |
| 10. | Nominativi e Indirizzi delle persone da interrogare | Giancarlo Zausa<br>Residenza: Via Monte Cengio 2<br>Monticello Conte Otto (VI)<br>Italia<br><br>Domicilio: c/o Emanuele Squassoni<br>Studio Legale Squassoni<br>20122 Milano – Via Fontana, 18<br>Italia |

| | | |
|---|---|---|
| 11. | Documenti o altre proprietà da ispezionare | Questo Tribunale richiede altresì alla Corte d'Appello di Venezia di autorizzare il Commissario a ottenere dal Sig. Zausa la documentazione che risponda alle richieste di produzione esposte nell'Appendice B, nella misura in cui tale documentazione sia in possesso, controllo o potere del Sig. Zausa e non sia confidenziale ai sensi delle leggi applicabili in Italia o negli Stati Uniti, e di trasmettere la documentazione ai legali di tutte le parti coinvolte nel presente procedimento. |
| 12. | Requisiti per il rilascio di prove sotto giuramento o dichiarazione solenne e forme speciali da utilizzare | Si richiede rispettosamente che al Commissario venga concesso il permesso di fare in modo che il testimone presti giuramento, in conformità alle procedure applicabili in Italia, e che la deposizione sia raccolta e trascritta da uno stenografo e un videografo qualificati, scelti dai rappresentanti degli Attori. Si richiede altresì che il verbale della deposizione sia redatto in lingua inglese, se ammissibile dalla legge locale. |
| 13. | Metodi e Procedure speciali | Nella misura in cui sia consentito dalle leggi applicabili in Italia, questo Tribunale richiede rispettosamente che la Corte d'Appello di Venezia imponga di seguire i seguenti metodi e le seguenti procedure in relazione alla deposizione che viene qui richiesta:<br><br>Si richiede che: (i) l'interrogatorio sia condotto da un Commissario; nell'eventualità in cui il Commissario non sia un legale di White & Case LLP, che al legale degli Attori sia permesso di controinterrogare il testimone (ii) un soggetto designato tra i rappresentanti delle parti, gli interpreti e uno stenografo siano ammessi a essere presenti durante l'interrogatorio; (iii) tutte le persone, diverse dall'ufficiale giudiziario, che conducono l'interrogatorio, i legali delle parti, i rappresentanti designati dalle parti, gli stenografi, gli interpreti e altri ufficiali del Tribunale italiano normalmente presenti in procedimenti di questo tipo, siano esclusi dall'interrogatorio, sempre se tale esclusione è consentita dalla legge italiana; (iv) a uno stenografo sia consentito di registrare testualmente l'interrogatorio; (v) a un videografo sia consentito di registrare l'interrogatorio servendosi di mezzi audiovisivi; (vi) siano concesse sette (7) ore per l'interrogatorio del testimone; (vii) ai legali che conducono l'interrogatorio sia consentito di porre domande riguardanti gli argomenti elencati nell'Appendice A e (ix) vengano prodotte o fornite per l'ispezione e la copia le prove documentali almeno due (2) giorni prima dell'interrogatorio |

| | | |
|---|---|---|
| 14. | Richiesta di notifica in seguito all'esecuzione della Richiesta | Si prega di notificare ai Rappresentanti elencati al punto 6 (agli indirizzi ivi elencati) quando e dove si svolgeranno gli interrogatori. |
| 15. | Richiesta di presenza o partecipazione del personale giudiziario dell'Autorità richiedente all'esecuzione della Lettera di Richiesta | Nessuna. |
| 16. | Specifica o confidenzialità oppure obbligo di rifiutarsi di fornire prove, ai sensi della legge dello Stato di origine | In aggiunta alla confidenzialità ai sensi delle leggi italiane, il Sig. Zausa ai sensi delle leggi statunitensi può rifiutarsi di rispondere alle domande se tale risposta lo possa mettere in una situazione di reale ed evidente pericolo di responsabilità penale negli Stati Uniti. Allo stesso modo, il Sig. Zausa può rifiutarsi di rispondere a una domanda o di produrre un documento, qualora tale risposta o documento divulghi una comunicazione riservata tra lui e il/i suo/i legale/, riguardante la richiesta di una consulenza legale.<br><br>Il Tribunale comprende anche la natura riservata dei documenti richiesti al Sig. Zausa e in questo caso c'è un ordine di protezione per la riservatezza di qualsiasi documento prodotto dal Sig. Zausa. L'ordine di protezione è l'Appendice D alla presente Richiesta per l'Assistenza giudiziaria.<br><br>Questo Tribunale si dichiara pronto a estendere assistenza di questo tipo ai tribunali giudiziari italiani. Nella misura in cui ci siano spese associate all'assistenza in risposta alla presente Richiesta per l'Assistenza giudiziaria, questo Tribunale farà in modo che l'Autorità Giudiziaria italiana competente sia rimborsata da Valbruna. |

| | | |
|---|---|---|
| 17. | Le spese e i costi sostenuti, che sono considerati rimborsabili ai sensi di quanto sancito dal secondo comma dell'articolo 14 o dall'articolo 26 della Convenzione, verranno addebitati a: | Valbruna c/o i loro rappresentanti e consulente legale, come identificati precedentemente per quanto riguarda le parcelle e i costi e le ragionevoli spese sostenute dal Sig. Zausa nel fornire le prove, come istruito dall'Autorità giudiziaria appropriata a Venezia. Ciascuna delle parti della presente controversia sarà responsabile per le spese e i costi, se presenti, dei propri legali relativi ai Procedimenti ai sensi della Convenzione dell'Aja. |

L'Ordinanza firmata e la Richiesta per l'Assistenza giudiziaria firmata e la Nomina di un Commissario saranno date a White & Case LLP, legale di Valbruna, che viene con la presente istruito a richiedere al Commissario di inoltrare tutti i documenti, inclusi gli Allegati, insieme alle traduzioni in italiano certificate, all'autorità preposta presso la Corte d'Appello di Venezia per le azioni necessarie.

FIRMA E SIGILLO DELL'AUTORITÀ RICHIEDENTE

(apporre sigillo qui)

______________________________
Giudice distrettuale degli Stati Uniti
Tribunale distrettuale degli Stati Uniti, Distretto di Columbia
333 Constitution Ave., NW
Washington, DC 20001, USA

Dated: ________________, 2015